THE WESTERN & ATLANTIC RAILROAD *vs*. MAIN.

64  649
93  392

Where the evidence disclosed that the plaintiff's cow was killed be
tween the signal post erected under §708 of the Code and the cross-
ing, it was not error to charge the provisions of that section as
to checking the speed of the train, adding thereto that the company
would not be liable simply because at the time the injury happened
the train might be running in a manner forbidden by law, but the
failure to comply with the law must operate as a cause of the injury.

Railroads.    Roads and bridges.    Before Judge Mc–
CUTCHEN.    Whitfield Superior Court.    October Term, 1879.

Reported in the decision.

JOHNSON & McCAMY, for plaintiff in error.

SHUMATE & WILLIAMSON; T. R. JONES, for defendant.

CRAWFORD, Justice.

This case was brought to recover damages for the killing
of two cows by the trains of the plaintiff in error, and upon
the trial of which a verdict was rendered for the plaintiff
below, and the defendant being dissatisfied therewith moved
for a new trial, which was refused, and to reverse that de-
cision the case is brought to this court.

The ground relied upon for a reversal of the judgment
is that the court erred in the following instructions given
to the jury: "Our statute makes it the duty of those in
charge of a railroad train approaching a public road cross-
ing, when the train arrives within four hundred yards
thereof, to check the speed of the train, and to continue to
check the same so that it may be stopped in time, should
any person or thing be crossing the track of the railroad at
such public crossing. This statute applies only to public
road crossings, and not to any trail crossing the railroad, or
other crossing not established by authority of law.

"Where a statute imposes a duty on a railroad company

in relation to the running of its trains, if it violates that duty and an injury results from such violation, then the company would be liable for the damages caused thereby. You must not misunderstand me here, a railroad company would not be liable for an injury simply because at the time the injury happened the train might be running or handled in a manner forbidden by law. But to make the company liable in such case the failure to comply with the law must operate as a cause of the injury. In other words, if the injury would not have occurred but for such violation of law then the company would be liable, otherwise it would not."

The occasion of this charge touching the requirement of the statute, was the fact appearing in the evidence that one of the plaintiff's cows was killed between the signal posts and the crossing, but was some two hundred yards from the latter place, and therefore that the charge was illegal because it was inapplicable to the case.

Railroad companies are entitled to every right given to them by law, and it is to be enjoyed and exercised by them to its fullest extent, but if there is a duty coupled with the enjoyment of this right, then the performance of that duty is to be as strictly observed as the right is to be enjoyed, and the courts should give protection to the one and enforcement to the other in equal degree. The object of this statute was to prevent damage being done to persons or things at these public crossings, and the means to be used were the blowing of the whistle of the locomotive, and to check, and keep checking, the speed of the train so as to stop in time to prevent any injury being done at those places. The engineer should not misconceive his duty, nor neglect any part of it; he must give the signal of warning, and besides this, he must check the speed of his train, and continue to do so until the danger is over.

Why was it error to give this law in charge to the jury? Why confine the judge to that law of ordinary care and reasonable diligence existing at all other points except these

crossings? The law governing the running of trains is co-extensive with its lines, and if there be higher degrees of diligence, greater caution, unusual alarm signals, and less speed required at some points than at others, and the testimony shows that the damage complained of was within the limits of points thus protected, it would be error in the judge not to give the whole law in charge to the jury. The charge being in conformity to our view of the law, and the evidence being ample to sustain the verdict, the judgment is affirmed.

Judgment affirmed.